IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>RODNEY JAMES PALMER,<br><br>          Defendant. | **ORDER DENYING MOTION TO VACATE SENTENCE**<br><br>Case No. 2:12-cr-00663-RJS<br><br>Chief Judge Robert J. Shelby |

Before the court are several pro se filings from Defendant Rodney Palmer, including a motion styled "Motion for Vacatur of Criminal Case Pursuant to F.R.C.P 60(b)(4)."[1] As explained below, the court construes Palmer's Motion for Vacatur as his fifth Motion to Vacate his sentence under 28 U.S.C. § 2255, and DENIES the Motion because Palmer has neither sought nor obtained approval of the Tenth Circuit to file a successive § 2255 motion. For the reasons stated, Palmer's Request to Enter Default against the United States[2] and Motion for Default Judgment[3] are also DENIED, and his Motion to Expedite[4] is DENIED AS MOOT.

In 2014, Palmer was sentenced to 210 months in federal custody after he pleaded guilty to one count of producing child pornography.[5] On appeal,[6] the U.S. Court of Appeals for the Tenth Circuit affirmed Palmer's conviction.[7]

---

[1] Dkt. 132.

[2] Dkt. 134.

[3] Dkt. 135.

[4] Dkt. 139.

[5] Judgment in a Criminal Case as to Rodney James Palmer (Dkt. 94).

[6] *See* Notice of Appeal (Dkt. 96).

[7] Order and Judgment of the U.S. Court of Appeals for the Tenth Circuit (Dkt. 115).

1

On September 22, 2016, under a separate case number, Palmer timely filed a Motion to Vacate his sentence under 28 U.S.C. § 2255.[8] The undersigned denied that Motion on April 27, 2017.[9] Palmer sought leave from the Tenth Circuit to appeal that decision, as he was required to do for the appeals court to take up the substance his § 2255 challenge.[10] Palmer's request for a certificate of appealability was denied.[11]

Palmer has since filed numerous unsuccessful motions seeking relief from his sentence. On March 5, 2018, he filed a motion captioned "Motion Pursuant to F.R.Civ.P. 60(b) and 60(d)."[12] That motion sought relief for the court's purported "failure . . . to address the jurisdictional issues raised in [Palmer's] 2255 motion and the failure of jurisdiction during the criminal case."[13] The undersigned construed it as "a second § 2255 Motion," and denied it because Palmer had not sought certification from the Tenth Circuit to file another § 2255 Motion.[14] On August 17, 2018, Palmer filed a "Motion to Reopen Case,"[15] which the court found was "substantively a successive § 2255 motion," and therefore the court lacked subject matter jurisdiction because Palmer had again not sought certification from the Tenth Circuit to

---

[8] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. 1), *Palmer v. United States of America*, Case No. 2:16-cv-00987-RJS.

[9] Memorandum Decision and Order Denying Defendant's § 2255 Motion (Dkt. 11), *Palmer v. United States of America*, Case No. 2:16-cv-00987-RJS.

[10] *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit . . . judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."); *see also id.* § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.").

[11] Order of the Tenth Circuit Court of Appeals Denying Certificate of Appealability (Dkt. 27), *Palmer v. United States of America*, Case No. 2:16-cv-00987-RJS.

[12] Motion Pursuant to F.R.Civ.P. 60(b) and 60(d) (Dkt. 1), *Palmer v. United States of America*, Case No. 2:18-cv-00198-RJS.

[13] *Id.* at 1.

[14] Order Denying Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. 3) at 1–2, *Palmer v. United States of America*, Case No. 2:18-cv-00198-RJS; *see also* Order Denying Petitioner's Motion for Reconsideration (Dkt. 6), *Palmer v. United States of America*, Case No. 2:18-cv-00198-RJS.

[15] Dkt. 119.

file it.[16] On February 4, 2019, the court denied another motion, titled "Writ of Error Coram Nobis," construing it as his fourth § 2255 motion and accordingly denying it again for lack of subject matter jurisdiction.[17] Palmer appealed that decision and the court's denial of a motion to reconsider.[18] The Tenth Circuit affirmed both rulings on February 25, 2020.[19]

In sum, despite each of Palmer's § 2255 motions after the first purportedly relying on authority unrelated to § 2255, the court construed them all as successive § 2255 motions and denied them due to Palmer's failure to obtain prior certification from the Tenth Circuit. In the instant Motion to Vacate, filed March 7, 2022, Palmer principally argues the "court lacked any jurisdiction in the referenced criminal case, and thus violated due process."[20] For the reasons explained below, the court once again construes this as a successive § 2255 motion and denies it.

A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[21] Additionally, a motion under § 2255 "asserts or reasserts claims of error in the prisoner's conviction."[22] It is immaterial that Palmer's filing is styled, "Motion for Vacatur of Criminal Case Pursuant to F.R.C.P. 60(B)(4)," instead of a motion arising under § 2255. The court is not bound by a

---

[16] Order Denying Motion to Reopen Case (Dkt. 121) at 2–3.

[17] Order Denying Motion to Reopen Case (Dkt. 124) at 2; *see also* Writ of Error Coram Nobis (Dkt. 122).

[18] *See* Order Denying Motion for Reconsideration (Dkt. 126); Notice of Appeal (Dkt. 127).

[19] Order and Judgment of the Tenth Circuit Court of Appeals (Dkt. 131).

[20] Dkt. 132.

[21] 28 U.S.C. § 2255(a).

[22] *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

motion's title; it is the substance that counts.[23]  In this Motion, Palmer contends the judgment in his case is void because the court lacked jurisdiction from "the inception of the criminal case," in violation of his constitutional due process rights.[24]  He cites a litany of cases providing general statements on jurisdiction of the federal courts,[25] then asserts jurisdiction was lacking ab initio because the United States failed to include facts establishing the court's jurisdiction in the indictment charging Palmer.[26]  Thus, because Palmer argues at bottom that the "court was without jurisdiction to impose . . . sentence," and the "sentence was imposed in violation of the Constitution," the substance of his arguments falls within the ambit of a § 2255 motion.[27]

As noted, Palmer has already filed four unsuccessful § 2255 motions.  A "successive § 2255 motion cannot be filed in district court without approval by a panel of [the Tenth Circuit Court of Appeals]."[28]  Without such approval, "the district court does not even have jurisdiction to deny the relief sought in the pleading."[29]  Accordingly, this court lacks jurisdiction to consider Palmer's instant Motion—his fifth § 2255 motion.

Additionally, there are two other pending motions before the court.  On June 13, 2022, Palmer filed a Request to Enter Default[30] and a Motion for Default Judgment.[31]  Both of these motions rely on the premise that the government is in default because it did not respond to Palmer's

---

[23] *See United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019) ("[W]e are not bound by a pleading's title; rather, we consider its substance.").

[24] Dkt. 132 at 1, 3.

[25] *See id.* at 2–13.

[26] *Id.* at 12, 21.

[27] *See* 28 U.S.C. § 2255(a).

[28] *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006); *see also* R. Gov. § 2255 Proc. 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255[(h)].").

[29] *Nelson*, 465 F.3d at 1148.

[30] Dkt. 134.

[31] Dkt. 135.

4

Motion to Vacate.[32]  However, under Rule 5(a) of the Rules Governing Section 2255 Proceedings, the government need not answer a § 2255 motion unless a court so orders.[33]  The court did not order a response in this case.  Accordingly, the United States is not in default.

In sum, this court lacks jurisdiction to consider Palmer's Motion to Vacate because the Motion is substantively a § 2255 motion and Palmer has not received certification from the Tenth Circuit to file a fifth successive § 2255 Motion.  Therefore, Palmer's Motion to Vacate[34] is DENIED.  Because the court did not order the United States to respond, Palmer's Request to Enter Default of the United States[35] and Motion for Default Judgment[36] are also DENIED.  Based on these decisions, Palmer's Motion to Expedite[37] is DENIED AS MOOT.

SO ORDERED this 31st day of October, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[32] *See* Dkt. 134 at 2–3; Dkt. 135 at 2.

[33] R. Gov. § 2255 Proc. 5(a).

[34] Dkt. 132.

[35] Dkt. 134.

[36] Dkt. 135.

[37] Dkt. 139.